Dennis F. Dunne, Esq.
Andrew M. Leblanc, Esq.
Tyson M. Lomazow, Esq.
Lauren C. Doyle, Esq.
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

*Counsel to the Debtors
and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| OneWeb Global Limited, *et al.* | Case No. 20-22437 (RDD) |
| Debtors.[1] | (Jointly Administered) |

## SCHEDULE OF ASSETS AND LIABILITIES FOR

## ONEWEB GLOBAL LIMITED

## CASE NO. 20-22437 (RDD)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: OneWeb Global Limited (N/A); OneWeb Holdings LLC (5429); OneWeb Communications Limited (9487); WorldVu Satellites Limited (7802); WorldVu Development LLC (9067); WorldVu JV Holdings LLC (N/A); 1021823 B.C. LTD (8609); Network Access Associates Limited (8566); OneWeb Limited (8662); WorldVu South Africa (Pty) Ltd. (1867); OneWeb Chile SpA (2336); WorldVu Australia Pty Ltd. (5436); WorldVu Unipessoal Lda. (2455); OneWeb Norway AS (0209); OneWeb ApS (9191); OneWeb Network Access Holdings Limited (8580); OneWeb G.K. (1396); OneWeb Ltd (8661); WorldVu Mexico S. DE R. L. DE C.V. (1234). The Debtors' headquarters is located at 195 Wood Lane, West Works Building, 3rd Floor, London, W12 7FQ, UK.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OneWeb Global Limited, *et al.*, | ) | Case No. 20-22437 (RDD) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY AND DISCLAIMERS
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

OneWeb Global Limited and its above-captioned affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors and their management team, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 1007–1 of the Bankruptcy Local Rules for the Southern District of New York (the "Local Bankruptcy Rules").

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes" or "Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2] In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes shall control.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: OneWeb Global Limited (N/A); OneWeb Holdings LLC (5429); OneWeb Communications Limited (9487); WorldVu Satellites Limited (7802); WorldVu Development LLC (9067); WorldVu JV Holdings LLC (N/A); 1021823 B.C. LTD (8609); Network Access Associates Limited (8566); OneWeb Limited (8662); WorldVu South Africa (Pty) Ltd. (1867); OneWeb Chile SpA (2336); WorldVu Australia Pty Ltd. (5436); WorldVu Unipessoal Lda. (2455); OneWeb Norway AS (0209); OneWeb ApS (9191); OneWeb Network Access Holdings Limited (8580); OneWeb G.K. (1396); OneWeb Ltd (8661); WorldVu Mexico S. DE R. L. DE C.V. (1234).  The Debtors' headquarters is located at 195 Wood Lane, West Works Building, 3rd Floor, London, W12 7FQ, UK.

[2]  These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances and based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. As a result, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim (as defined in section 101(5) of the Bankruptcy Code, "Claim") amount, description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Nothing contained in the Schedules and Statements or Global Notes shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers).

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While, as noted above, reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event will the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any damages, whether direct, indirect, incidental, consequential, or special (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

---

exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

Mr. Steven Fay, VP of Finance and Deputy CFO of OneWeb Global Limited, has signed each set of the Schedules and Statements. Mr. Fay is an authorized signatory for each of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Fay has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' professionals. Given the scale of the Debtors' business, Mr. Fay has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including but not limited to, statements and representations concerning amounts owed to creditors, the classification of such amounts, and their addresses.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**<u>Global Notes and Overview of Methodology</u>**

1.  **<u>Description of Cases</u>.** On March 27, 2020 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. These chapter 11 cases are being jointly administered under Case No. 20-22437 (RDD) pursuant to an order entered on April 1, 2020 [Docket No. 29]. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements under the lead case, Case No. 20-22437. The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2.  **<u>Basis of Presentation</u>.** For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by the Debtors ultimate parent, OneWeb Global Limited. The presentation of the assets and liabilities set forth in the Schedules and Statements may result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("<u>GAAP</u>") or International Financial Reporting Standards ("<u>IFRS</u>"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or IFRS nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection, ownership, any valuation of certain assets and the amount and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

3. **Reservations and Limitations.** The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4. **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the allowance, classification, characterization, validity, priority or amount of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

## General Disclosures Applicable to Schedules and Statements

1. **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim that may have arisen or that may arise under or in connection with any contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2. **Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3.    **Claim Designations**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.    **Unliquidated Claim Amounts**. Claim amounts that are not readily quantifiable by the Debtors are scheduled as "unliquidated."

5.    **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount, or that any amount is or is not due.

6.    **Court Orders.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about April 1, 2020, April 2, 2020, April 30, 2020 and May 1, 2020 (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, critical vendors, insurance brokers and carriers, and taxing authorities, among others. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements to reflect such payment as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

7.    **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8.    **Valuation.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets and, in certain circumstances, estate assets are being currently marketed to effectuate the Debtors' proposed sale transaction pursuant to the *Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures and Form and Manner of Notice Thereof, and (D) Granting Related Relief,* [Docket No. 104]. For these reasons, the Debtors have indicated in the Schedules and Statements that the value of certain assets and liabilities are undetermined or unknown. In addition, unless

otherwise indicated, cost, book, or net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented as the applicable bank balance as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

9.  **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including without limitation, tax accruals accrued salaries, certain employee benefit accruals and accrued accounts payable. In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

11. **Confidential or Sensitive Information.** There are instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to withhold from the public record certain information such as names, addresses or amounts, typically out of concern for the confidentiality of such information or potential disruption to their operations or the privacy of any employee or other individual.

To comply to the maximum extent practicable with data privacy laws, certain information regarding transfers and obligations to employees or insiders of the Debtors has been revised pursuant to a coding system.  The names of employees or insiders of foreign Debtors have been substituted with code numbers in the publicly filed Schedules and Statements.  After

the filing of the Schedules and Statements, the Debtors will provide the Office of the United States Trustee (the "U.S. Trustee") and the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee") with complete, unredacted copies of the Schedules and Statements containing all such information. Copies of the unredacted Schedules and Statements are available to advisors to other parties in interest, subject to appropriate confidentiality and data privacy protections being in place.

To comply to the maximum extent practicable with U.S. and foreign data privacy laws, the Debtors will utilize their current U.S. headquarters address for all current employees and insiders of U.S. Debtors and U.K. headquarters address for all current employees and insiders of U.K. or Jersey Debtors. For former employees and former insiders, an address is on file with the Debtors.

12.     **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

13.     **Leases.** The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

14.     **Contingent Assets**. As noted above, the Debtors believe that they may possess certain claims and causes of action against various parties, including without limitation, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

15.     **Intercompany Accounts.** The Debtors have historically kept separate books and records by entity in a consolidated accounting system. The Debtors regularly engage in business relationships and transactions with each other, including the payment or funding of certain operating expenses. These relationships, payments, and/or funding of expenses are usually, but not always, reflected as intercompany receivables or payables, *see Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to (I) Continue Using Existing Cash Management System, Bank Accounts and Business Forms, (II) Continue intercompany Transactions, (III) Grant Superpriority Administrative Expense Status to*

*Postpetition Intercompany Transactions (B) Extending Time to Comply with the Requirements of Section 345 of the Bankruptcy Code, (C) Scheduling Final Hearing and (D) Granting Related Relief* [Docket No. 10] (the "<u>Cash Management Motion</u>").

16. **<u>Guarantees and Other Secondary Liability Claims</u>.** The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "<u>Guarantees</u>") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other similar arrangements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other similar arrangements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

17. **<u>Intellectual Property Rights</u>.** Exclusion of certain intellectual property or rights therein shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property or rights therein shall not be construed to be an admission that such intellectual property or rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property and rights to intellectual property to the rightful Debtor owner, however, in some instances, intellectual property or rights to intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property and rights therein.

18. **<u>Executory Contracts</u>.** Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code. Exclusion of a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is or is not an executory contract, such lease is or is not an unexpired lease, or that either necessarily is or is not a binding, valid, and enforceable contract.

Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. In addition, although the Debtors made diligent efforts to list the current address of named parties, the Debtors may have inadvertently listed outdated addresses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

19.    **Liens.** The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

20.    **Estimates.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

21.    **Fiscal Year.** Each Debtor's fiscal year ends on or about December 31st.

22.    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

23.    **Property and Equipment.** Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

24.    **Claims of Third-Party Related Entities.** While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

25.    **Umbrella or Master Agreements.** Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Any reference to any umbrella or master agreement shall include any statement of work or purchase order thereunder as well as other ancillary agreements, whether or not any such statement of work is separately listed.  Conversely, any reference to any statement of work shall include any umbrella or master agreement connected thereto, whether or not such umbrella or master agreement is separately listed.  Notwithstanding the foregoing, nothing in the Schedules or Statements shall be deemed an admission as to whether such agreements are or are not executory in nature or whether or not such agreements constitute a single agreement or umbrella or master agreement or separate agreements. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

26.    **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such

creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

27. **Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules. Nothing in the Schedules and Statements shall be deemed to limit or impair the Debtors' rights to setoff in any way.

28. **Insiders.** For purposes of the Schedules and Statements, the Debtors define insiders as individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the respective Debtor so as to unqualifiably dictate corporate policy and the disposition of assets, or an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of OneWeb Global Limited.

Individuals listed in the Statements as insiders have been included for informational purposes only.  The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.  As such, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.  For more information regarding each Debtor's officers and directors, please see SOFA 28 and SOFA 29.

29. **Payments.** The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System"), as described in the Cash Management Motion. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

30. **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by

another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

31. **COVID-19.** The Debtors have filed these Schedules and Statements amidst the unprecedented circumstances arising from the global COVID-19 pandemic. Although the Debtors have not (and could not have) assessed the impact of these challenges, such circumstances may have impacted the preparation of these Schedules and Statements and Global Notes, and the disclosures contained herein.

### Specific Schedules Disclosures.

1. **Specific Notes Regarding Schedule A/B.**

    (a) **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' Cash Management System and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court granting the Cash Management Motion [Docket Nos. 10, 30, 119]. The accounts listed in response to Schedule A/B Parts 1 and 2 may include accounts controlled by third party employment processors.

    (b) **Schedule A/B-3 – Checking, savings, or other financial accounts, CDs, etc.** Schedule A/B-3 lists actual cash balances as of the Petition Date.

    (c) **Schedule A/B-7 – Deposits.** The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

    By *Final Order (I) Approving Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discounting Utility Service* [Docket No. 111], the Bankruptcy Court authorized the Debtors to provide adequate assurance of payment for future utility services, including deposits held by the Debtors in connection therewith. Such deposits are not identified in response to Question 7, which was prepared as of the Petition Date.

    (d) **Schedule A/B-8 – Prepayments.** The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided. The Debtors reserve their rights, but are not required,

to amend the Schedules and Statements if prepayments are incorrectly identified. No rights with respect to any prepayment shall be waived by virtue of any omission.

(e)    **Schedule A/B-11 – Accounts Receivable.**    The accounts receivable values reported are inclusive of intercompany accounts receivable as well as expected income tax refunds, loan receivables, VAT/GST receivables, and other receivables.

(f)    **Schedule A/B-15 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**    The Debtors response to Schedule A/B-15 may include membership or equity interests in both direct and indirect subsidiaries or affiliates. Ownership interests in subsidiaries and affiliates have been listed in Schedule A/B-15 as undetermined.  The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(g)    **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**    Dollar amounts are presented net of accumulated depreciation and other adjustments.

(h)    **Schedule A/B, Part 10 – Intangibles and Intellectual Property.** Specific patents, copyrights, trademarks, trade secrets, and other intangibles or intellectual property or rights to intellectual property may not have been disclosed.  The Debtors may also have customer lists and vendor lists but have not ascribed a value to any such lists on their books and records.

The Debtors review intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values.  The results from an impairment test to evaluate the effect of the Chapter 11 filing on the Debtors' intangible asset values were unavailable at the time that the Statements and Schedules were prepared and therefore the Debtors' intangible asset values are listed as undetermined. These assets are also part of an ongoing marketing effort and thus are currently being valued in connection with possible sale transactions.  For that reason, values are listed as unknown or undetermined.

Solely in connection with their answer to Part 10, Question 67, the Debtors interpret customers broadly to include both end-users and business to business contact information contained in the customer agreements.  As a development-stage business, the Debtors have no end-users at this time and few customer agreements primarily with businesses and corporations.  As of the Petition Date, the Debtors have two primary policies in place regarding personal identifiable information ("PII") in addition to its continued compliance with all applicable laws governing personal data and information.  The Debtors maintain a privacy policy for end-users accessing the Debtors' website. https://www.oneweb.net/privacy-policy.  The Debtors also have in place a global data protection policy governing

OneWeb Global Limited and all of its subsidiaries. These policies ensure the Debtors' commitment to all applicable data privacy laws governing the collection, storage processing and transfer of PII. The Debtors have not adopted a policy regarding the sale of PII nor communicated one to their customers, as the Debtors' business model does not include the sale of PII. Further, certain of the Debtors' business customer agreements contain (i) broad confidentiality covenants in favor of its customers that would prohibit the Debtors' from disclosing information about its customers to the extent the Debtors' have access to relevant customer information; and (ii) language requiring its customers and their end-users to comply with all applicable laws, including those related to data protection. The Debtors will make their global data protection policy available to parties in interest upon request.

(i)     **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts reflect historical costs and fair market values may be substantially different.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Net Operating Losses, Assets under Construction, and Deferred Tax Assets of the Debtor.*** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

**2.**     **Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured note facility, only the collateral agent has been listed for purposes of Schedule D. The amounts reflected

outstanding under the Debtors' prepetition note facility reflect approximate amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Thomas Whayne in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 3] (the "<u>First Day Declaration</u>").

## 3.  <u>Specific Notes Regarding Schedule E/F</u>

The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

(a)   **Creditors Holding Priority Unsecured Claims.** The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

While the Debtors' believe they have, or will resolve all of the known, prepetition amounts owed to the various tax and licensing agencies under the authority granted under the *Final Order (A) Authorizing, But Not Directing, Debtors to Pay Taxes and Fees and (B) Authorizing and Directing Financial Institutions to Honor All Related Checks and Electronic Payment Requests* [Docket No. 113] (the "<u>Taxes Order</u>"). Given the Debtors' belief that they have, or will resolve, all known, prepetition amounts owed to the various tax and licensing agencies under the Taxes

Order, the Debtors' have not listed applicable historical tax and regulatory agencies on schedule E/F.

Pursuant to the *Final Order Authorizing, the Debtors to (A)(I) Pay Prepetition Wages, Salaries, and Other Compensation and Benefits, and (II) Maintain Employee Benefit Programs, and (B) Certain Related Relief* [Docket No. 108] (the "Final Employee Wage Order"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Final Employee Wage Order or other order that may be entered by the Bankruptcy Court. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Final Employee Wage Order or other order that may be entered by the Bankruptcy Court.

(b)    **Creditors Holding Nonpriority Unsecured Claims**. The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP and/or IFRS.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Certain claims listed on Schedule E/F may reflect prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption

and assignment, of an executory contract or unexpired lease. In addition, claims listed on Schedule E/F do not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

## 4. Specific Notes Regarding Schedule G

(a) **Executory Contracts and Unexpired Leases**. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, legality, status, binding effect or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. In most instances, except as otherwise noted, specified contract or lease end dates were not included. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract, unexpired lease, service order, or statement of work listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, unexpired lease, service order, or statement of work without respect to whether such agreement, instrument or other document is listed thereon.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be categorized as a contract or a lease. In those instances, such a contract or lease has been designated as either a contract or a lease and is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such agreement and is not an admission by the Debtors as to whether the agreement is or is not a lease or contract. The Debtors reserve all rights to

16

recharacterize, reclassify, recategorize, or redesignate such agreements, including whether such agreements are leases or executory contracts or executory or unexpired as of the Petition Date.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, may not be listed individually on Schedule G. The Debtors believe that disclosure of all of their statements of work and purchase and work orders would be impracticable and unduly burdensome. Accordingly, statements of work and purchase and work orders may have been omitted from Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.  Any inclusion or omission of statements of work, purchase and work orders, schedules, service orders, or addendums from Schedule G is not an admission by the Debtors that such statements of work, purchase and work orders, schedules, exhibits, service orders, or addendums are or are not executory contracts, whether the foregoing are a part of a larger master agreement or otherwise.  The Debtors' rights under Bankruptcy Code of assumption or rejection with respect to any such omitted or included contracts or agreements are not impaired by the omission or inclusion.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, deeds, amendments/letter agreements, title agreements, and confidentiality agreements/Non Disclosure Agreements (NDAs). Such documents may not be set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, legality, status, binding effect or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.  The fact the Debtors may not have listed an oral contract on Schedule G is not an admission that no such contract exists. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements may not be listed individually on Schedule G.  In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, may not be listed individually on Schedule G.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which may have been prepaid. The Debtors do not believe that prepaid insurance policies are executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Debtors or the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

The Debtors have not included certain contracts and leases on Schedule G that the Debtors believe terminated prepetition. Failure to include any such contract or lease is not an admission that such contract or lease terminated. Moreover, inclusion of a contract or lease on Schedule G is not an admission that any such agreement has not terminated. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, legality, status, binding effect, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

**5.   Specific Notes Regarding Schedule H**

(a)   **Co-Debtors**.   In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Specific Statements Disclosures**.

**1.   Question 1 – Gross Revenue.**   The debtors have excluded intercompany sales from gross revenue in response to Question 1.

**2.   Questions 3, 4, and 30 – Payments to Certain Creditors.**   The Debtors have responded to Question 3 in detailed format by creditor.   The response to Question 3, however, does not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11).

With respect to payments to employees listed in response to Question 3, the payments are aggregated by employee and include, as applicable, expense reimbursements, 2019 annual incentive award, 2020 retention payment, employee referral or other spot awards, WARN payments, and severance payments (including U.K. statutory severance payments).   The Debtors have excluded from the payments to employees listed in response to Question 3 certain regular compensation payments, including, but not limited to, salary and wages, sales incentive plan payments, and certain allowances and customary pay adjustments for overtime, holiday, and shift differential pay in accordance with the Debtors' past practices.

The Debtors have responded to Questions 4 and 30 in detailed format by insider in the attachment for Question 4.  To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 4 those payments made while such person was defined as an insider.

3.    **Question 11 – Payments Made Related to Bankruptcy.** The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. However, each of the Debtors' professionals is retained by and on behalf of all the Debtors and it is generally not possible for the Debtors to identify with particularity the Debtor or Debtors for whose specific benefit any bankruptcy-related payment may have been made within one year prior to the Petition Date. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

4.    **Question 16 – Personally Identifiable Information.**  Solely in connection with their answer to Part 9, Question 16, the Debtors  interpret customers broadly to include both end-users and business to business contact information contained in the customer agreements.  As a development-stage business, the Debtors have no end-users at this time and few customer agreements primarily with businesses and corporations.  As of the Petition Date, the Debtors have two primary policies in place regarding personal identifiable information ("PII") in addition to its continued compliance with all applicable laws governing personal data and information.  The Debtors maintain a privacy policy for end-users accessing the Debtors' website. https://www.oneweb.net/privacy-policy.  The Debtors also have in place a global data protection policy governing OneWeb Global Limited and all of its subsidiaries. These policies ensure the Debtors' commitment to all applicable data privacy laws governing the collection, storage processing and transfer of PII.  The Debtors have not adopted a policy regarding the sale of PII nor communicated one to their customers, as the Debtors' business model does not include the sale of PII.  Further, certain of the Debtors' business customer agreements contain (i) broad confidentiality covenants in favor of its customers that would prohibit the Debtors' from disclosing information about its customers to the extent the Debtors' have access to relevant customer information; and (ii) language requiring its customers and their end-users to comply with all applicable laws, including those related to data protection.  The Debtors will make their global data protection policy available to parties in interest upon request.

5.    **Question 17 – Employee Benefits.**  The Debtors provides access to a 401(k) plan for their United States employees and a defined contribution pension plan for their U.K. based employees.  However, the Debtors are not the plan administrators of either plan.

6.    **Question 20 – Off-Premises Storage.** In response to this question, the Debtors have not disclosed any owned in-transit inventory or inventory located on vendor premises. Collection of this specific information would be time-consuming and an inefficient use of

estates resources.  Further, such inventory is accounted for on the Debtors' Schedules.  In addition, the Debtors believe that these excluded items are not responsive to the intent of the question.

7.      **Question 26 – Books, Records, and Financial Statements.**  The Debtors have historically completed audits at the consolidated WorldVu Satellites Limited level (former ultimate parent of the Debtors) and from 2018 at the OneWeb Global Limited level which includes those Debtors established at the time. All Debtors and non-Debtors are included as part of the consolidated audit of OneWeb Global Limited for 2019, which is to be performed by the same audit firm disclosed in Question 26.

The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons within two years prior to the Petition Date.  Recipients have included regulatory agencies, financial institutions, investment banks, debtholders, and their legal and financial advisors.  Financial statements have also been provided to other parties as requested.  OneWeb Global Limited's consolidated audited financial statements, as well as financial statements for all the Debtors' U.K. entities, are publicly available via the United Kingdom's Companies House.

8.      **Question 28 – Current Officers, Directors, and Shareholders**.  The Debtors incorporate by reference the *Voluntary Petition for Non-Individuals Filing for Bankruptcy* filed by OneWeb Global Limited in Case No. 20-22437 (RDD) [Docket No. 1], including the list of equity holders filed pursuant to Bankruptcy Rule 1007(a)(3) appended thereto.

9.      **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4.  The amounts listed under Question 4 reflect the gross amounts paid to such directors and officers rather than the net amounts after deducting for tax withholdings.

*      *      *      *      *

| Debtor Name | **OneWeb Global Limited** |
|---|---|
| **United States Bankruptcy Court for the Southern District of New York** | |
| Case number (if known): | **20-22437** |

☐ Check if this is an
amended filing

Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1: Summary of Assets

*1. Schedule A/B: Assets - Real and Personal Property*    (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from *Schedule A/B*.................................................................. | $0.00

1b. **Total personal property:**
Copy line 91A from *Schedule A/B*.................................................................. | $11,641,928.41

1c. **Total of all property:**
Copyline 92 from *Schedule A/B*.................................................................. | $11,641,928.41

### Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property*    (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of Schedule D........................... | $1,733,809,254.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims*    (Official Form 206E/F)

3a. **Total of amounts of priority unsecured claims:**
Copy the total claims from Part 1 from the line 5a of *Schedule E/F*............................................... | $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total amount of claims from Part 2 from line 5b of *Schedule E/F*................................. | **+**  $14,500,365.37

4. **Total liabilities** ...................................................................................................
Lines 2 + 3a + 3b | $1,748,309,619.37

| Debtor Name | **OneWeb Global Limited** |
| --- | --- |

**United States Bankruptcy Court for the Southern District of New York**

| Case number (if known): | **20-22437** |
| --- | --- |

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be complete and accurate as possible. If more space is needed, attach a separate spreadsheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the approriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| **All cash of cash equivalents owned or controlled by the debtor** | | | **Current value of debtor's interest** |
| --- | --- | --- | --- |

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts**

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1 | JP Morgan Chase Bank | Checking | 8803 | $999,958.52 |
| 3.2 | JP Morgan Chase Bank | Checking | 0500 | $809.50 |
| 3.3 | JP Morgan Chase Bank | Checking | 0501 | $31,759.71 |
| 3.4 | JP Morgan Chase Bank | Checking | 5396 | $8.88 |

4. **Other cash equivalents**

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$1,032,536.61

| Part 2: | Deposits and prepayments |
| --- | --- |

Debtor  OneWeb Global Limited                                      Case Number (if known) 20-22437

6.  **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

| 8.1 | Willis Towers Watson - Prepaid Insurance | $43,321.56 |
| 8.2 | Special Contingency Risk Inc.-Prepaid Insurance | $18,659.18 |

9.  **Total of Part 2**
    Add lines 7 through 8.  Copy the total to line 81.                          **$61,980.74**

| Part 3: | Accounts Receivable |
|---|---|

10.  **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

11.  **Accounts receivable**

| | | | | | |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $0.00 | - | $0.00 | = | $0.00 |
| | face amount | | doubtful or uncollectible accounts | | |
| 11b. Over 90 days old: | $58,057.06 | - | $0.00 | = | $58,057.06 |
| | face amount | | doubtful or uncollectible accounts | | |

12.  **Total of Part 3**
     Current value on lines 11a + 11b = line 12.  Copy the total to line 82.            **$58,057.06**

| Part 4: | Investments |
|---|---|

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

|  |  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 14. **Mutual funds of publicly traded stocks not included in Part 1**<br>Name of fund or stock: |  |  |  |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**<br>Name of entity:                              % of ownership: |  |  |  |
| 15.1     See Exhibit AB-15 |  |  | Undetermined |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**<br>Describe: |  |  |  |
| 17. **Total of Part 4**<br>Add lines 14 through 16. Copy the total to line 83. |  |  | Undetermined |

**Part 5:**     Inventory, excluding agricultural assets

18. **Does the debtor own any inventory (excluding agricultual assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw Materials** |  |  |  |  |
| 20. **Work in progress** |  |  |  |  |

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

21. **Finished goods, including goods held for resale**

22. **Other inventory or supplies**

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No.
    ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

**Part 6:**      **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valution method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops - either planted of harvested** | | | |

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

29. **Farm animals**
    Examples: Livestock, poultry, farm-raised fish

30. **Farm machinery and equipment**
    (Other than titled motor vehicles)

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6**
    Add lines 28 through 32. Copy the total to line 85.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

    **Is any of the debtor's property stored at the cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.    Book Value $ _____    Valuation Method _____    Current Value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

☐ No.

☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| | General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42. | **Collectibles** | | | |

Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
   Add lines 39 through 42.  Copy the total to line 86.

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

| Part 8: | Machinery, equipment, and vehicles |
|---------|-------------------------------------|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-----------------------------------------|-------------------------------------|

47.  **Automobiles, vans, trucks, motorcycles, trailers, or titled farm vehicles**

48.  **Watercraft, trailers, motors, and related accessories**
     Examples: Boats, trailers, motors, floating homes, personal watercraft, fishing vessels

49.  **Aircraft and accessories**

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51.  **Total of Part 8.**
     Add lines 47 through 50. Copy the total to line 87.

Official Form 206A/B          **Schedule A/B: Assets - Real and Personal Property**          Page 7

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No.

    ☐ Yes.

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No.

    ☐ Yes.

**Part 9:**       **Real property**

54.  **Does the debtor own or lease any real property?**

    ☑ No. Go to Part 10.

    ☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

56.  **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

    ☐ No.

    ☐ Yes.

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 10:**     **Intangibles and intellectual property**

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, or trade secrets** | | | |
| 61.  **Internet domain names and websites** | | | |
| 62.  **Licenses, franchises, and royalties** | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
|      Debtor may possess certain vendor lists | | | |
| 64.  **Other intangibles, or intellectual property** | | | |
| 65.  **Goodwill** | | | |

66.  **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

67. **Do your lists or records include personally identifiable information of customers?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

                                                                          **Current value of
                                                                          debtor's interest**

71. **Notes receivable**
    Description (include name of obligor)

    _____  -  _____  =
    Total face amount          Doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

    72.1   Unused NOLs - UK                          2018              $66,633.00

    72.2   Unused NOLs - UK                          2019              $10,422,721.00

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

73.  **Interests in insurance policies or annuities**

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

     **Nature of claim**

     **Amount Requested**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

     **Nature of claim**

     **Amount Requested**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed**
     Examples: Season tickets, country club membership

78.  **Total of Part 11.**
     Add lines 71 through 77.  Copy the total to line 90.                    **$10,489,354.00**

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

     ☑ No.
     ☐ Yes.

Debtor  OneWeb Global Limited                                    Case Number (if known) 20-22437

| Part 12: | Summary |
|---|---|

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $1,032,536.61 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $61,980.74 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $58,057.06 | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. **Real Property.** *Copy line 56, Part 9.* | | |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $10,489,354.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $11,641,928.41 | **+** 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92...................................................... | | $11,641,928.41 |

Official Form 206A/B                    **Schedule A/B: Assets - Real and Personal Property**                    Page 12

# SCHEDULES OF ASSETS AND LIABILITIES

EXHIBIT FOR SCHEDULE AB

PART 4, QUESTION 15

NON-PUBLICLY TRADED STOCK AND INTERESTS IN
INCORPORATED AND UNINCORPORATED BUSINESSES,
INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP,
OR JOINT VENTURE

**OneWeb Global Limited**
**Case No. 20-22437**
**Schedule A/B:  Part 4, Question 15 - Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture deposits and utility deposits**

| Name of Entity | % of Ownership | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
|---|---|---|---|
| OneWeb Communications Limited | 100% | | Undetermined |
| WorldVu Satellites Limited | 100% | | Undetermined |
| OneWeb Technology Ltd | 100% | | Undetermined |
| OneWeb Development Ltd | 100% | | Undetermined |
| OneWeb Communications S.a.r.l. | 100% | | Undetermined |
| OneWeb Asia Pte Ltd | 100% | | Undetermined |
| OneWeb Ltd (Jersey) | 100% | | Undetermined |
| Network Access Associates Limited | 100% | | Undetermined |
| WorldVu Development LLC | 100% | | Undetermined |
| WorldVu JV Holdings LLC | 100% | | Undetermined |
| Airbus OneWeb Satellites LLC | 50% | | Undetermined |
| OneWeb Holdings LLC | 100% | | Undetermined |
| 1021823 BC Ltd | 100% | | Undetermined |
| OneWeb Network Access Holdings Ltd | 100% | | Undetermined |
| OneWeb LLC (Russia) | 49% | | Undetermined |
| First Tech Web Company Limited | 100% | | Undetermined |
| OneWeb G.K. | 100% | | Undetermined |
| OneWeb ApS | 100% | | Undetermined |
| OneWeb Norway AS | 100% | | Undetermined |
| Oneweb S.r.l. | 100% | | Undetermined |
| WorldVu, Unipessoal Lda | 100% | | Undetermined |
| WorldVu Australia Pty Ltd | 100% | | Undetermined |
| OneWeb SA | 100% | | Undetermined |
| OneWeb Chile SpA | 100% | | Undetermined |
| OneWeb Ltd (Malta) | 100% | | Undetermined |
| OneWeb Senegal SARL | 100% | | Undetermined |
| OneWeb Costa Rica Limitada | 100% | | Undetermined |
| WorldVu South Africa (Pty) Ltd | 100% | | Undetermined |
| WorldVu Mexico S. DE. R. L. DE. C.V. | 100% | | Undetermined |
| OneWeb Capacidade Satelital Ltda | 100% | | Undetermined |
| One Web Angola – SERVIÇOS DE TELECOMUNICAÇÕES (SU), LDA | 100% | | Undetermined |
| **Total:** | | | **Undetermined** |

| Debtor Name | **OneWeb Global Limited** |
| --- | --- |

**United States Bankruptcy Court for the Southern District of New York**

| Case number (if known): | **20-22437** |
| --- | --- |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D - Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules.  Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Amount of Claim<br>Do not deduct the value of collateral | Value of collateral that supports this claim |
| --- | --- | --- | --- | --- |
| **2.1** | **Creditor's name**<br>GLAS TRUST CORP LTD | **Describe debtor's property that is subject to a lien**<br>COLLATERAL AGENT<br>FOR THE 12.5% SENIOR SECURED<br>PROMISSORY NOTES UNDER THE<br>AMENDED AND RESTATED NOTE<br>PURCHASE AGREEMENT | $1,733,809,254.00 | UNKNOWN |
| | **Creditor's mailing address**<br>45 LUDGATE HILL<br>LONDON, EC4M 7JU<br>UNITED KINGDOM | | | |
| | | **Describe the lien**<br>First priority liens on and security interests in the collateral described in the Notes Documents | | |
| | **Creditor's email address, if known**<br>emea@glas.agency | | | |
| | **Date debt was incurred  March 18, 2019** | **Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes | | |
| | **Last four digits of account number** | | | |
| | **Do multiple creditors have an interest in the same property?** | **Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | | |
| | ☒ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **As of the petition filing date, the claim is:**<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

| $1,733,809,254.00 |
| --- |

| Debtor Name | **OneWeb Global Limited** |
|---|---|

**United States Bankruptcy Court for the Southern District of New York**

Case number (if known):    **20-22437**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F - Creditors Who Have Claims Unsecured Claims                    12/15

**Be as complete and accurate as possible.  Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.  List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on** *Schedule A/B: Assets - Real and Personal Property* **(Official Form 206A/B) and on** *Schedule G: Executory Contracts and Unexpired Leases* **(Official Form 206G).  Number the entries in Parts 1 and 2 in the boxes on the left.  If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☒ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.**    If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

**2.1** | **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**    $_____    $_____

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Is the claim subject to offset?**

☐ No
☐ Yes

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**  11 U.S.C. § 507(a) (          )

Debtor Name    **OneWeb Global Limited**                                                    Case number (if known): **20-22437**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

**Amount of claim**

**3.1** | **Nonpriority creditor's name and mailing address**
KPMG
15 CANADA SQ
LONDON, E145GL
UNITED KINGDOM

**As of the petition filing date, the claim is:**                                    $131,871.70
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
PROFESSIONAL

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address**
NETWORK ACCESS ASSOCIATES LIMITED
WEST WORKS BLDG
195 WOOD LN
LONDON, W12 7FQ
UNITED KINGDOM

**As of the petition filing date, the claim is:**                                    $113,878.96
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
AFFILIATE

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address**
ONEWEB COMMUNICATIONS LIMITED
WEST WORKS BLDG
195 WOOD LN
LONDON, W12 7FQ
UNITED KINGDOM

**As of the petition filing date, the claim is:**                                    $2,687,162.81
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
INTERCOMPANY PAYABLES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address**
WORLDVU DEVELOPMENT LLC
1785 GREENSBORO STATION PL
TOWER 3, STE 500
MCLEAN, VA 22102

**As of the petition filing date, the claim is:**                                    $7,890,904.89
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
INTERCOMPANY PAYABLES

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

---

Debtor Name      **OneWeb Global Limited**                        Case number (if known): **20-22437**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**Amount of claim**

**3.5**   **Nonpriority creditor's name and mailing address**                      As of the petition filing date, the claim is:        $3,676,547.01
WORLDVU SATELLITES LIMITED
WEST WORKS BLDG                                               ☐ Contingent
195 WOOD LN                                                  ☐ Unliquidated
LONDON, W12 7FQ                                              ☐ Disputed
UNITED KINGDOM
                                                             **Basis for the claim:**
                                                             INTERCOMPANY PAYABLES
**Date or dates debt was incurred**
Various
                                                             **Is the claim subject to offset?**
**Last 4 digits of account number**                          ☒ No
                                                             ☐ Yes

Debtor Name    **OneWeb Global Limited**                          Case number (if known): **20-22437**

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | |
|---|---:|
| **5a. Total claims from Part 1** | $0.00 |
| **5b. Total claims from Part 2** | $14,500,365.37 |
| **5c. Total claims of Parts 1 and 2**<br>Lines 5a + 5b = 5c | $14,500,365.37 |

| Debtor Name | **OneWeb Global Limited** |
|---|---|
| **United States Bankruptcy Court for the Southern District of New York** | |
| Case number (if known): | **20-22437** |

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | | |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | KPMG-NAA-ONEWEB GLOBAL-ENGAGEMENT LETTER (YEAR ENDED 2018) 021819 | KPMG LLP<br>15 CANADA SQ<br>LONDON, E145GL<br>UNITED KINGDOM |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | KPGM-ONEWEB GLOBAL LIMITED ENGAGEMENT LETTER 2019 | KPMG LLP<br>15 CANADA SQ<br>LONDON, E145GL<br>UNITED KINGDOM |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | PIONEER-ONEWEB GLOBAL-2018 MGMT-RENEWAL APPLICATION | PIONEER UNDERWRITERS<br>7 BISHOPSGATE<br>LONDON, EC2N 3AR<br>UNITED KINGDOM |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | SANNE TERMS AND CONDITIONS OF BUSINESS | SANNE FIDUCIARY SERVICES LIMITED<br>IFC 5, ST HELIER<br>JERSEY CHANNEL ISLANDS, JE1 1ST<br>UNITED KINGDOM |
| | State the term remaining<br>List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | SANNE-ONEWEB GLOBAL-ENGAGEMENT LETTER 101217 | SANNE FIDUCIARY SERVICES LIMITED<br>IFC 5, ST HELIER<br>JERSEY CHANNEL ISLANDS, JE1 1ST<br>UNITED KINGDOM |
| | State the term remaining<br>List the contract number of any government contract | | |

Debtor Name    **OneWeb Global Limited**                                    Case number (if known): **20-22437**

<table>
<tr><td>■</td><td colspan="2">**Additional Page(s) if Debtor has More Executory Contracts or Unexpired Leases**</td></tr>
</table>

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest | **SANNE-ONEWEB GLOBAL-ENGAGEMENT LETTER 041018** | **SANNE FIDUCIARY SERVICES LIMITED IFC 5, ST HELIER JERSEY CHANNEL ISLANDS, JE1 1ST UNITED KINGDOM** |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.7** | State what the contract or lease is for and the nature of the debtor's interest | **SANNE-ONEWEB GLOBAL LIMITED-ENGAGEMENT LETTER 041018** | **SANNE FIDUCIARY SERVICES LIMITED IFC 5, ST HELIER JERSEY CHANNEL ISLANDS, JE1 1ST UNITED KINGDOM** |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

| Debtor Name | **OneWeb Global Limited** |
|---|---|

**United States Bankruptcy Court for the Southern District of New York**

| Case number (if known): | **20-22437** |
|---|---|

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☒ Yes.

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**    Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply** |
| 2.1 **1021823 BC LTD** | WEST WORKS BLDG 195 WOOD LN LONDON, W12 7FQ UNITED KINGDOM | GLAS Trust Corp Ltd | ☑ D ☐ E/F ☐ G |
| 2.2 **NETWORK ACCESS ASSOCIATES LIMITED** | WEST WORKS BLDG 195 WOOD LN LONDON, W12 7FQ UNITED KINGDOM | GLAS Trust Corp Ltd | ☑ D ☐ E/F ☐ G |
| 2.3 **ONEWEB ASIA PTE. LTD.** | 1400 KEY BLVD ARLINGTON, VA 22209 | GLAS Trust Corp Ltd | ☑ D ☐ E/F ☐ G |
| 2.4 **ONEWEB COMMUNICATIONS LIMITED** | WEST WORKS BLDG 195 WOOD LN LONDON, W12 7FQ UNITED KINGDOM | GLAS Trust Corp Ltd | ☑ D ☐ E/F ☐ G |
| 2.5 **ONEWEB HOLDINGS LLC** | WEST WORKS BLDG 195 WOOD LN LONDON, W12 7FQ UNITED KINGDOM | GLAS Trust Corp Ltd | ☑ D ☐ E/F ☐ G |

| Debtor Name | **OneWeb Global Limited** | | Case number (if known): **20-22437** |
|---|---|---|---|

| **Additional Page(s) if Debtor has More Codebtors** |
|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| **Column 1: Codebtor** | | **Column 2: Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | *Check all schedules that apply* |
| 2.6 **ONEWEB LIMITED** | **WEST WORKS BLDG**<br>**195 WOOD LN**<br>**LONDON, W12 7FQ**<br>**UNITED KINGDOM** | GLAS Trust Corp Ltd | ☑ D<br>☐ E/F<br>☐ G |
| 2.7 **ONEWEB NETWORK ACCESS HOLDINGS LIMITED** | **WEST WORKS BLDG**<br>**195 WOOD LN**<br>**LONDON, W12 7FQ**<br>**UNITED KINGDOM** | GLAS Trust Corp Ltd | ☑ D<br>☐ E/F<br>☐ G |
| 2.8 **WORLDVU DEVELOPMENT LLC** | **1785 GREENSBORO STATION PL**<br>**TOWER 3, STE 500**<br>**MCLEAN, VA 22102** | GLAS Trust Corp Ltd | ☑ D<br>☐ E/F<br>☐ G |
| 2.9 **WORLDVU SATELLITES LIMITED** | **WEST WORKS BLDG**<br>**195 WOOD LN**<br>**LONDON, W12 7FQ**<br>**UNITED KINGDOM** | GLAS Trust Corp Ltd | ☑ D<br>☐ E/F<br>☐ G |

| | |
|---|---|
| **Debtor Name** | OneWeb Global Limited |
| **United States Bankruptcy Court for the Southern District of New York** | |
| **Case Number:** 20-22437 | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets- Real and Personal Property*     (Official Form 206 A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property*     (Official Form 206 D)

☑ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*     (Official Form 206 E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases*     (Official Form 206 G)

☑ *Schedule H: Codebtors*     (Official Form 206 H)

☑ *Summary of Assets and Liabilities for Non-Individuals*     (Official Form 206Sum)

☐ *Amended Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I, the VP of Finance and Deputy CFO of the OneWeb Global Limited, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 25 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on: 5/26/2020
MM / DD / YYYY

Signature     /s/ Steven P. Fay

Steven P. Fay
Printed Name

VP of Finance and Deputy CFO
Title