Daniel B. Besikof
Noah H. Weingarten
**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Deloitte Consulting LLP*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
|                                                  | : |                                 |
| In re:                                           | : | Chapter 11                      |
|                                                  | : |                                 |
| OneWeb Global Limited, *et al.,*                 | : | Case No. 20-22437 (RDD)         |
|                                                  | : |                                 |
|                              Debtors.[1]         | : | Jointly Administered            |
---------------------------------------------------------

**OBJECTION OF DELOITTE CONSULTING LLP
TO NOTICE OF POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES IN CONNECTION WITH SALE</u>**

Deloitte Consulting LLP ("<u>Deloitte Consulting</u>"), on behalf of itself and its affiliate identified herein, by and through its undersigned counsel, hereby submits this objection (this "<u>Objection</u>") to the *Notice of Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* (the "<u>Cure Notice</u>") [Docket No. 232]. In support of this Objection, Deloitte Consulting respectfully submits as follows.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: OneWeb Global Limited (N/A); OneWeb Holdings LLC (5429); OneWeb Communications Limited (9487); WorldVu Satellites Limited (7802); WorldVu Development LLC (9067); WorldVu JV Holdings LLC (N/A); 1021823 B.C. LTD (8609); Network Access Associates Limited (8566); OneWeb Limited (8662); WorldVu South Africa (Pty) Ltd. (1867); OneWeb Chile SpA (2336); WorldVu Australia Pty Ltd. (5436); WorldVu Unipessoal Lda. (2455); OneWeb Norway AS (0209); OneWeb ApS (9191); OneWeb Network Access Holdings Limited (8580); OneWeb G.K. (1396); OneWeb Ltd (8661); WorldVu Mexico S. DE R. L. DE C.V. (1234). The Debtors' headquarters is located at 195 Wood Lane, West Works Building, 3rd Floor, London, W12 7FQ, UK.

**BACKGROUND**

**A.     The Bankruptcy Cases.**

1.     On March 27, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.     On April 29, 2020, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an Order authorizing certain procedures to be used in connection with the sale(s) (including pursuant to section 363 of the Bankruptcy Code or a chapter 11 plan of reorganization) of some or all of the assets or equity interests of one or more of the Debtors (such assets and equity interests, collectively, the "Assets").

**B.     The Deloitte Agreements.**

3.     Deloitte Consulting and its affiliate are party to certain agreements (the "Deloitte Agreements") with the Debtors, described below.  First, Deloitte Consulting Product Services LLC ("DCPS") and Debtor WorldVu Development LLC ("WVD") are party to that certain *Resale Agreement Number:  OW0227019* dated June 22, 2019 (as amended, the "SAP Resale Agreement"), which sets out the terms of WVD's acquisition of certain SAP software and the provision by DCPS of certain related services on the more specific terms set out in one or more resale quote(s) executed between the parties (each a "Quote") at the prices specified therein.  In total, WVD and DCPS entered into five Quotes (numbers OW500B, OW501D, OW502B, OW503B and OW504A).  The Quotes require WVD to pay fee payments to DCPS in respect of the acquisition of the SAP software and the related services as set forth in greater detail therein (the "SAP Fees").

4.     Deloitte Consulting is also party to that certain *Master Services Agreement* dated as of June 7, 2019 (the "MSA") by and between Deloitte Consulting and WVD pursuant to which Deloitte Consulting was retained by WVD to provide professional services for WVD or its

2

affiliates on the more specific terms set out in certain Statements of Work ("SOWs"). Deloitte Consulting entered into one SOW pursuant to the terms of the MSA dated December 7, 2019 (the "Applicable SOW") between Deloitte Consulting and Debtor Network Access Associates Limited ("NAAL"), pursuant to which NAAL engaged Deloitte Consulting to implement a global Business Support Systems/Operational Support Systems (BSS/OSS) platform solution intended to support transformational business capacities, deliver an exceptional customer experience, and enable an agile business that can introduce new products and enter new markets (the "Deliverable").[2]

5. The MSA provides that, upon payment in full of the applicable fees provided for thereunder and in the SOW, Deloitte Consulting would assign to NAAL Deloitte Consulting's intellectual property rights in the Deliverable, except for any Consultant's Technology.[3] Because, as discussed below, the applicable fees have not been paid, the Deliverable and the intellectual property rights relating thereto remain the property of Deloitte Consulting.

6. The Consultant's Technology is integral to the operation of the Deliverable, and is never to become property of WVD under the MSA. Rather, the MSA provides that, upon payment in full of the applicable fees provided for thereunder and in the SOW, Deloitte Consulting would grant to WVD a non-exclusive, non-transferrable license (the "Consultant

---

[2] The SAP Resale Agreement, the Quotes, the MSA and the SOW contain sensitive confidential commercial information of Deloitte Consulting, DCPS and the Debtors. Such documents will be made available upon written request to Deloitte Consulting's undersigned counsel and the execution of an appropriate confidentiality agreement.

[3] The MSA defines Technology as "works of authorship, materials, information and other intellectual property" and defines Consultant's Technology as "all Technology created prior to or independently of the performance of the Services or created by Consultant or its subcontractors as a tool for their use in performing the Services, plus any modifications or enhancements thereto and derivative works based thereof."

3

Technology License") to use and modify the Consultant's Technology embedded in the Deliverable. Here too, because the applicable fees have not been paid, the Consultant Technology License has not been granted. Without the benefit of the Consultant Technology License, the Deliverable is inoperable, whether by the Debtors or any other party without infringing on Deloitte Consulting's intellectual property rights.[4]

**C.    The Cure Notice.**

7.    The Cure Notice references three agreements (the "Deloitte Agreements") with cure amounts referenced below:

| Contract number | Debtor | Counterparty | Contract | Cure Amount |
|---|---|---|---|---|
| 393 | WorldVu Development LLC | Deloitte Consulting LLP 695 Town Center Dr, Ste 1000 Costa Mesa, CA 92626 | Deloitte-WVD-Resale Agreement and Quote 061819 | $0 |
| 394 | WorldVu Development LLC | Deloitte Consulting LLP 695 Town Center Dr, Ste 1000 Costa Mesa, CA 92626 | Deloitte-WVD-MSA and SOW | $10,495,252 |
| 395 | WorldVu Development LLC | Deloitte Consulting LLP 1633 Broadway New York, NY 10019 | Deloitte-WVD-Resale Agreement | $0 |

8.    The Deloitte-related contracts set forth in the Cure Notice are not described exactly the same as the description of the Deloitte Agreements described above. For example, Deloitte Consulting is only aware of there being one applicable Resale Agreement, but the Debtors list two. Likewise, Deloitte Consulting is aware of multiple Quotes, but only one unidentified Quote is mentioned in the Cure Notice. Deloitte Consulting assumes for purposes of this Objection, that the Cure Notice relates to the Deloitte Agreements as described herein and

---

[4] Deloitte Consulting reserves all of its rights in respect of any use of the Consultant's Technology by the Debtors in the absence of a valid Consultant Technology License.

4

asserts cure amounts in respect of those Deloitte Agreements. Deloitte Consulting, on behalf of itself and its affiliates and subsidiaries, reserves the right to supplement or amend this Objection to the extent additional clarity is provided regarding the universe of agreements that the Debtors propose to assume and assign.

## OBJECTIONS

**A.     The proposed Cure Amounts are incorrect.**

9.      It is undisputed that before an executory contract can be assumed, all defaults must be cured. 11 U.S.C. § 365(b). *In re: Thane International, Inc. v. 9472541 Canada Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018) ("Cure is a critical component of assumption."). The Debtors propose to satisfy their cure obligations in respect of the Deloitte Agreements by paying (i) $10,495,252 in respect of the MSA and the SOW; and (ii) $0 in respect of the Resale Agreement(s) and the Quotes. As discussed below, that amount is insufficient to satisfy the Debtors' obligations under the Deloitte Agreements as of the date of this Agreement.

10.     As of the date hereof, the Debtors are obligated under the SAP Resale Agreement and the Quotes in the aggregate amount of not less than $343,985, consisting of (i) not less than $82,312 in prepetition unpaid invoices, (ii) not less than $161,496 of consumed license fees for the periods commencing prepetition and concluding postpetition and (iii) not less than $100,177 in additional consumed postpetition license fees through the date hereto. An additional amount equal to not less than $1,301 in license fees are consumed per day, so the appropriate cure amount relating to the SAP Resale Agreement and the Quotes will increase by at least that amount for each day until assumption occurs.[5]

---

[5] Deloitte Consulting asserts that the SAP Fees arising after the Petition Date are entitled to administrative expense priority in the event the SAP resale Agreement and Quotes are ultimately rejected.

5

11. With respect to the MSA and the SOW, while the Debtors acknowledge that $10,495,252 is due in respect of their cure obligations, the actual amount is much higher. Specifically, as of the date hereof, the Debtors are obligated to Deloitte Consulting under the MSA and the SOW in an amount equal to not less than $11,140,127.98. The amount, too, could grow to the extent additional work is performed by Deloitte Consulting under the MSA and SOW.

12. Because the precise cure amount due to Deloitte Consulting in respect of the Deloitte Agreements cannot be liquidated with precision at this time, any order authorizing the assumption and assignment of the Deloitte Agreements should provide that all amounts under the Deloitte Agreements arising on or prior to the date of assumption, including all amounts described above, must be paid in order for such assumption and assignment to be effective.

**B.    The MSA and SOW cannot be assumed and assigned absent Deloitte Consulting's consent.**

13. The MSA and SOW contain provisions granting non-exclusive intellectual property licenses to the Debtors. The law is clear that, absent consent by Deloitte Consulting, the Debtors cannot assume and assign the licenses, and thus cannot assume and assign the MSA and SOW. *See* 11 U.S.C. § 365(c)(1) (preventing debtor from assuming or assigning contract where "applicable law excuses a party, other than the debtor . . . from accepting performance from or rendering performance to an entity other than the debtor" absent consent of the non-debtor counterparty; *see also In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300 (Bankr. D. Del. 2001) (non-exclusive licenses cannot be assigned under federal copyright law); *Perlman v. Catapult Entertainment, Inc. (In re Catapult Entertainment, Inc.)*, 165 F.3d 747 (9th Cir. 1999) (assignment of non-exclusive patent license is prohibited by federal patent law); *In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 123 (Bankr. D. Del. 2015) ("licenses are not

6

assignable in the absence of some express authorization from the licensor, such as a clause in the license agreement itself").

14. Here, while Deloitte Consulting would hope to have the opportunity to engage constructively with the Debtors and any ultimate proposed assignor of the MSA and SOW on any decision regarding assumption and assignment of the MSA and SOW, Deloitte Consulting has not yet consented to the assumption or assignment of the MSA and SOW. Absent that consent, assumption and assignment should be barred.

## RESERVATION OF RIGHTS

15. Deloitte Consulting, on behalf of itself and its affiliates and subsidiaries, reserves its rights to amend or supplement this Objection in the future as it deems appropriate and in connection with the sale and the assumption or rejection of the Deloitte Agreements.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Deloitte Consulting respectfully requests that the Court sustain this Objection with respect to the assumption and rejection of the Deloitte Agreements and grant such other and further relief as it may deem just and proper.

Dated: June 10, 2020

                LOEB & LOEB LLP

                By: /s/ Daniel B. Besikof
                    Daniel B. Besikof
                    Noah Weingarten
                    345 Park Avenue
                    New York, New York 10154-0037
                    Tel:  (212) 407-4000
                    Fax:  (212) 407-4990

                *Attorneys for Deloitte Consulting LLP*

## **Certificate of Service**

On the 10th day of June, 2020, I caused the *OBJECTION OF DELOITTE CONSULTING LLP TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE* to be filed through this Court's ECF filing system and served via email upon those parties listed on the annexed schedule.

*/s/ Daniel B. Besikof*
Daniel B. Besikof

| | |
|---|---|
| Chambers of the Honorable Robert D. Drain<br>United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, New York 10601<br>Email: rdd.chambers@nysb.uscourts.gov | Debtors<br>1785 Greensboro Station Place<br>Tower 3, Suite 500<br>McLean, Virginia 22102<br>Email: generalcounsel@oneweb.net |
| Proposed Counsel to the Debtors<br>Milbank LLP<br>55 Hudson Yards<br>New York, New York 10001<br>Attn: Dennis F. Dunne<br>      Andrew M. Leblanc<br>      Tyson M. Lomazow<br>      Lauren C. Doyle<br>      William J. Schumacher<br>Email: ddunne@milbank.com;<br>aleblanc@milbank.com;<br>tlomazow@milbank.com;<br>ldoyle@milbank.com;<br>wschumacher@milbank.com | Office of the United States Trustee<br>201 Varick Street,<br>Room 1006<br>New York, NY 10014<br>Attn: Richard C. Morrissey<br>      Shannon A. Scott<br>Email: richard.morrissey@usdoj.gov;<br>shannon.scott2@usdoj.gov |
| Counsel to the Official Committee of Unsecured Creditors<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Luc A. Despins<br>      Pedro Jimenez<br>      Alex Bongartz<br>Email: lucdespins@paulhastings.com;<br>pedrojimenez@paulhastings.com;<br>alexbongartz@paulhastings.com | Counsel to GLAS, as Collateral Agent<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Attn: Jonathan Levine<br>Email: jonathan.levine@arnoldporter.com |
| Counsel to Airbus<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>Attn: Chris Bryant<br>      Hampton Foushee<br>Email: christopher.bryant@hoganlovells.com<br>hampton.foushee@hoganlovells.com | Securities and Exchange Commission<br>100 F Street, NE<br>Washington, D.C. 20549<br>Email: StructuredData@sec.gov |

| | |
|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-734<br>Email: Douglas.A.Smith@irs.gov | Office of Communication (United Kingdom)<br>Riverside House<br>2a Southwark Bridge Rd<br>London, SE1 9HA<br>United Kingdom<br>Email: wwwenq@ofcom.org.uk |
| Federal Communications Commission<br>445 12th Street, S.W, Room 6- A224,<br>Washington, D.C. 20554<br>Email: ecfs@fcc.gov | Office of the Attorney General<br>150 S Main St<br>Providence, RI 02903<br>Email: aginfo@ag.nv.gov |
| Office of the Attorney General<br>100 N Carson St<br>Carson City, NV 89701-4717<br>Email: aginfo@ag.nv.gov | Office of the Attorney General<br>109 State St<br>Montpelier, VT 05609<br>Email: ago.info@vermont.gov |
| Office of the Attorney General<br>40 Capitol Sq SW<br>Atlanta, GA 30334<br>Email: AGOlens@law.ga.gov | Office of the Attorney General<br>445 Minnesota St, Ste 1400<br>St Paul, MN 55101-2131<br>Email: Attorney.General@ag.state.mn.us |
| Office of the Attorney General Delaware<br>Dept of Justice<br>Carvel State Bldg<br>820 N French St<br>Wilmington, DE 19801<br>Email: attorney.general@delaware.gov | Office of the Attorney General State<br>Capitol Complex, Bldg 1, Rm E-26<br>Charleston, WV 25305<br>Email: consumer@wvago.gov |
| Office of the Attorney General<br>202 N 9th St<br>Richmond, VA 23219<br>Email: info@commonwealthva.com | Office of the Attorney General<br>120 SW 10th Ave, 2nd Fl<br>Topeka, KS 66612<br>Email: general@ag.ks.gov |
| Office of the Attorney General<br>425 Queen St<br>Honolulu, HI 96813<br>Email: hawaiiag@hawaii.gov | Office of the Attorney General<br>525 W Ottawa St<br>P.O. Box 30212<br>Lansing, MI 48909<br>Email: miag@michigan.gov |
| Office of the Attorney General<br>The Capitol<br>Albany, NY 12224-0341<br>Email: nyrobankruptcy@sec.gov | Office of the Attorney General<br>State of Florida<br>PL-01 The Capitol<br>Tallahassee, FL 32399-1050<br>Email: oag.civil.eserve@myfloridalegal.com |

| | |
|---|---|
| Attorney General<br>Office of the Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>Email: reg.boards@tn.gov | Office of the Attorney General<br>1125 Washington St SE<br>P.O. Box 40100<br>Olympia, WA 98504-0100<br>Email: serviceATG@atg.wa.gov |
| Office of the Attorney General<br>800 5th Ave, Ste 2000<br>Seattle, WA 98104<br>Email: serviceATG@atg.wa.gov | Office of the Attorney General<br>Walter Sillers Bldg<br>550 High St, Ste 1200<br>Jackson, MS 39201<br>Email: support@msegov.com |
| Office of the Attorney General<br>P.O. Box 142320<br>Salt Lake City, UT 84114-2320<br>Email: uag@agutah.gov | Office of the Attorney General<br>California Dept of Justice<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Email: vrmail@cdph.ca.gov |
| Office of the Attorney General<br>Consumer Law Section<br>Attn: Bankruptcy Notices<br>455 Golden Gate Ave, Ste 11000<br>San Francisco, CA 94102-7004<br>Email: vrmail@cdph.ca.gov | Attorneys for SoftBank<br>Morrison and Foerster LLP<br>250 West 55th Street<br>New York, NY 10019<br>Attn: Gary Lee<br>       Todd Goren<br>Email: glee@mofo.com<br>tgoren@mofo.com |
| Counsel for Wipro Limited<br>Kelley Drye & Warren LLP<br>James S. Carr<br>Kristin S. Elliott<br>101 Park Avenue<br>New York, NY 10178<br>Email: jcarr@kellydrye.com<br>kelliott@kelleydrye.com | |